```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**AIMEE DEREZIC,** *et al.***,**

      **Plaintiffs,**

    vs.                                    Civil Action 2:14-cv-0051
                                                            Judge Smith
                                                            Magistrate Judge King

**OHIO DEPARTMENT OF EDUCATION,**
*et al.***,**

      **Defendants.**

## OPINION AND ORDER

    This is a civil rights action under 42 U.S.C. § 1983 in which plaintiffs, individuals whose children received Ohio EdChoice Scholarships for kindergarten in Euclid, Ohio, allege that those scholarships were unlawfully terminated during the 2013-2014 school year.  Plaintiffs assert claims against the defendant state agency and the state Superintendent of Public Instruction for denial of procedural due process.  Plaintiffs seek injunctive and declaratory relief.  This matter is before the Court on the *Motion for Leave to Amend Plaintiffs' Motion for Summary Judgment*, ECF 32 ("*Motion to Amend*").

    On June 6, 2014, upon defendant's request, ECF 21, the Court modified the pretrial schedule, extending the deadlines for, *inter alia*, completing discovery to December 1, 2014, and filing motions for summary judgment to December 31, 2014.  *Order*, ECF 22.  The parties timely filed motions for summary judgment and substantive responses to those motions on January 26, 2014.  ECF 30, 31, 34, 35.

On December 31, 2014, after they had filed their dispositive motion, plaintiffs also filed their *Motion to Amend*. In support of their request, plaintiffs represented that, on the afternoon of December 31, 2014, defendant served plaintiffs' counsel "with <u>291 additional pages</u> of supplemental responsive documents" to plaintiffs' discovery requests, which had been served in late October and early November 2014. *Id*. at 1-2 (emphasis in original). Plaintiffs explained that their counsel "has not had an opportunity to review most of the new material, [but] at first blush, many of the documents appear to be pertinent emails from ODE [Ohio Department of Education] officials that are approximately two years old, and appear to be plainly relevant to the underlying case." *Id*. Plaintiffs asked for an extension until January 14, 2015, in which to amend their motion for summary judgment. *Id*. at 2.

Defendant opposes the *Motion to Amend* on four different grounds. *Defendant's Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Plaintiffs' Motion for Summary Judgment*, ECF 33 ("*Opposition*"). First, defendant characterizes the motion as based on mere speculation. *Id*. at 1-2. Next, defendant contends that plaintiffs have not established good cause for a further modification of the pretrial schedule. *Id*. at 2-3. Defendant also argues that the relief sought in the *Motion to Amend* is unnecessary because plaintiffs had the opportunity to incorporate the allegedly relevant emails in the summary judgment briefing when they responded to defendant's motion for summary judgment and when they filed their reply in support

of their dispositive motion. *Id*. at 3. Finally, defendant contends that it will be prejudiced by the grant of the motion because the relief sought by plaintiffs will delay the briefing schedule in connection with the dispositive motions and give plaintiffs a tactical advantage. *Id*.

The *Motion to Amend* is not well-taken. Nowhere in their motion do plaintiffs identify any specific document or documents produced by defendant on December 31, 2014 that would impact the Court's consideration of the motions for summary judgment. Although it is understandable that plaintiffs' counsel had limited time to review the nearly 300 documents when it moved for leave to amend, it is significant that plaintiffs have not filed a reply memorandum in support of their motion, nor have they otherwise addressed defendant's objections to the motion. Moreover, plaintiffs had the opportunity to rely on these recently produced documents when they responded to defendant's motion for summary judgment. *See* ECF 35 (filed on January 26, 2015). In short, nothing in the present record persuades this Court that the present motions for summary judgment do not adequately address the merits of plaintiffs' claims. Accordingly, the Court declines to delay resolution of the present motions for summary judgment based on plaintiffs' speculation that some unidentified documents "appear to be plainly relevant to the underlying case." *Cf*. *In re NLO, Inc*., 5 F.3d 154, 157 (6th Cir. 1993) (stating that district courts must exercise their "substantial inherent power to manager their dockets" "in a manner that is in harmony with the

3

Federal Rules of Civil Procedure"); *Black v. Columbus Pub. Schs.*, No. 2:96-cv-326, 2006 U.S. Dist. LEXIS 57768, at *15-16 (S.D. Ohio Aug. 17, 2006) (denying motion for leave to file *instanter* supplemental motion for summary judgment where, *inter alia*, cited portions of supplemental deposition were irrelevant to the issue before the Court on summary judgment); Fed. R. Civ. P. 16(b)(4) (permitting modification of a scheduling order "only for good cause and with the judge's consent").

    **WHEREUPON**, *Motion for Leave to Amend Plaintiffs' Motion for Summary Judgment*, ECF 32, is **DENIED**.


February 2, 2015                                        *s/Norah McCann King*
                                                       Norah M$^{c}$Cann King
                                       United States Magistrate Judge